# Supreme Court of Florida

---

No. SC2023-0261

---

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF APPELLATE PROCEDURE.**

October 12, 2023

PER CURIAM.

The Florida Bar's Appellate Court Rules Committee filed a report proposing amendments to Florida Rules of Appellate Procedure 9.020 (Definitions), 9.147 (Appeal Proceedings to Review Final Orders Dismissing Petitions for Judicial Waiver of Parental Notice and Consent or Consent Only to Termination of Pregnancy), 9.180 (Appeal Proceedings to Review Workers' Compensation Cases), 9.200 (The Record), 9.320 (Oral Argument), 9.340 (Mandate), 9.420 (Filing; Service of Copies; Computation of Time), 9.800 (Uniform Citation System), and 9.900 (Forms).[1]  The Committee proposes certain procedural changes to these rules as

---

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.

well as minor technical revisions to conform with the guidelines we articulated in *In re Guidelines for Rules Submissions*, Florida Administrative Order No. AOSC22-78 (Oct. 24, 2022). Most of the technical amendments were described in the Committee's report, but a few were addressed in an Update to the Report of the Appellate Court Rules Committee, dated April 12, 2023.

Aside from the minor technical proposals included in the recent update, the Committee published all proposed amendments for comment and received no comments, and the Board of Governors of The Florida Bar unanimously recommends acceptance of the amendments. This Court also published the proposed amendments (other than the minor technical revisions described in the update) and received no comments.

Having considered the proposed amendments and the Committee's report, the Court hereby amends the Florida Rules of Appellate Procedure as proposed by the Committee, with one minor modification. The more significant amendments are as follows.

First, rule 9.020 is amended to create a new subdivision (h)(1)(M). Subdivision (h)(1) (Rendition of an Order; Motions Tolling Rendition) provides a list of motions that can toll rendition. New

subdivision (h)(1)(M) adds to that list motions filed under Florida Rule of Juvenile Procedure 8.075(f) (Withdrawal of Plea After Disposition), which was amended in 2015 to allow juveniles to move to withdraw pleas after disposition. *See In re Amends. to Fla. Rules of Juv. Proc.*, 175 So. 3d 263 (Fla. 2015). The only modification we make is to subdivision (h)(2)(A), which currently reads: "the final order shall not be deemed rendered as to any existing party . . . ." The Committee proposes amending this subdivision by replacing the word "shall" with "must," but we believe that "will" is the more appropriate replacement in context.

Next, rule 9.147 is amended to align with section 390.01114(6)(b)2., Florida Statutes (2023). Specifically, rule 9.147(c) (Record) is amended to provide that lower tribunal clerks must simultaneously transmit notices of appeal and records on appeal electronically within two days of a notice of appeal being filed, and subdivision (d) (Disposition of Appeal) is amended to provide that appellate courts must dispose of any appeal within seven days of receipt of a notice of appeal. The title of subdivision (c) is also changed to "Transmission of Notice of Appeal and Electronic Record."

Next, rule 9.180 is amended to align with section 440.25(5)(b), Florida Statutes (2023). Specifically, subdivisions (B)-(F) of rule 9.180(g)(3) are amended to provide that verified petitions to be relieved of costs must be filed within 15 days after service of a notice of estimated costs and that objections to such petitions must be filed within 20 days after service of the petition. In addition, subdivisions (f)(5)(B) and (f)(6)(B) are amended to provide that estimated costs must be deposited within 15 days after service of a notice of estimated costs and that any objection to a court reporter or transcriptionist must be filed within 15 days after service of the notice of selection.

Rule 9.180(f)(6)(A) is amended by deleting the word "approved" before the terms "court reporter" and "transcriptionist" to avoid implying that the services are carried out at public expense based on the definitions in Florida Rule of General Practice and Judicial Administration 2.535(a) (Court Reporting; Definitions). Also, subdivision (f)(9), which lists rules that apply to preparation of the record, is amended to add a reference to rule 9.200(d) (The Record). Finally, subdivision (b)(3) is amended to clarify that a party's failure to submit the required filing fee is not a jurisdictional defect.

Next, rule 9.320 is amended to align with rule 9.120 (Discretionary Proceedings to Review Decisions of District Courts of Appeal), which was amended in 2020 to provide that parties must file jurisdictional briefs in any proceeding seeking discretionary review of a district court decision. *See In re Amends. to Fla. Rule of App. Proc. 9.120 & 9.210*, 307 So. 3d 626 (Fla. 2020). Because of this requirement, a clause in rule 9.320(a) (Requests) reading "except that in proceedings in which jurisdiction is invoked under rule 9.030(a)(2)(A)(v), not later than 5 days after the filing of the notice to invoke discretionary review" is deleted. Rule 9.320 will instead tie requests for oral argument in discretionary review proceedings to the service of jurisdictional briefs.

Next, rule 9.420 is amended to remove language stating that petitions invoking the Court's original jurisdiction under rule 9.030(a)(3), (b)(3), or (c)(3) must be served by e-mail pursuant to rule 2.516(b)(1) and in paper format pursuant to rule 2.516(b)(2). Because Florida Rule of General Practice and Judicial Administration 2.516(b) (Service of Pleadings and Documents; Service; How Made) contains guidance for paper service when such

is required, rule 9.420(c) (Method of Service) will now simply state that all documents must be served in conformity with rule 2.516(b).

Next, rule 9.800 is amended to replace an obsolete hyperlink to the *Florida Style Manual* with a general reference to the manual that does not require a rule amendment to be initiated anytime the website address changes.

Finally, rule 9.900 is amended to include a reference to rule 9.200(b)(4), which explains how trial transcripts should be organized. Specifically, a reference to rule 9.200(b)(4) is now included in the note for Form 9.900(h), which describes deadlines for requesting extensions of time for designation to court reporter forms.

In addition to the procedural changes described above and the minor technical revisions made to comply with the Guidelines, rules 9.147, 9.180, 9.200, 9.340, 9.420, and 9.900 are further amended by replacing inconsistent language used throughout the ruleset for lower tribunal clerks of court with more consistent terminology.

Accordingly, we amend the Florida Rules of Appellate Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by

struck-through type. The amendments shall become effective on January 1, 2024, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Appellate Procedure

Elaine D. Walter, Chair, Appellate Court Rules Committee, Miami, Florida, Hon. Andrew D. Manko, Past Chair, Appellate Court Rules Committee, Tallahassee, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

**Appendix**

## RULE 9.020.  DEFINITIONS

The following terms have the meanings shown as used in these rules:

**(a)  Administrative Action.** Administrative action ~~shall~~ include~~s~~:

(1) – (4) [No Change]

**(b)**  [No Change]

**(c)  Court.** The supreme court~~;~~, the district courts of appeal~~;~~, and the circuit courts in the exercise of the jurisdiction described by rule 9.030(c), including the chief justice of the supreme court and the chief judge of a district court of appeal in the exercise of constitutional, administrative, or supervisory powers on behalf of such courts.

**(d) – (g)**  [No Change]

**(h)  Rendition of an Order.** An order is rendered when a signed, written order is filed with the clerk of the lower tribunal.

(1)  *Motions Tolling Rendition.* The following motions, if authorized and timely filed, toll rendition unless another applicable rule of procedure specifically provides to the contrary:

(A) – (G)  [No Change]

(H)  motion to correct a sentence or order of probation ~~pursuant to~~under Florida Rule of Criminal Procedure 3.800(b)(1);

(I)  motion to withdraw a plea after sentencing ~~pursuant to~~under Florida Rule of Criminal Procedure 3.170(*l*);

(J)　　motion to correct a disposition or commitment order ~~pursuant to~~under Florida Rule of Juvenile Procedure 8.135(b);

(K)　　motion to claim ineffective assistance of counsel following an order terminating parental rights ~~pursuant to~~under Florida Rule of Juvenile Procedure 8.530(f); ~~or~~

(L)　　motion to vacate an order based ~~up~~on the recommendations of a hearing officer in accordance with Florida Family Law Rule of Procedure 12.491; or

(M)　　motion to withdraw a plea after disposition under Florida Rule of Juvenile Procedure 8.075(f).

(2)　　*Effect of Motions Tolling Rendition.* If any timely and authorized motion listed in subdivision (h)(1) of this rule has been filed in the lower tribunal directed to a final order, the following apply:

(A)　　the final order ~~shall~~will not be deemed rendered as to any existing party until all of the motions are either withdrawn by written notice filed in the lower tribunal or resolved by the rendition of an order disposing of the last of such motions;

(B)　　[No Change]

(C)　　if a notice of appeal is filed before the rendition of an order disposing of all such motions, the appeal ~~shall~~must be held in abeyance until the motions are either withdrawn or resolved by the rendition of an order disposing of the last such motion.

**(i)　　Rendition of an Appellate Order.** If any timely and authorized motion under rules 9.330 or 9.331 is filed, the order ~~shall~~must not be deemed rendered as to any party until all of the motions are either withdrawn or resolved by the rendition of an order.

**(j) – (*l*)**　　[No Change]

- 9 -

**Committee Notes**

[No Change]

**Court Commentary**

[No Change]

**RULE 9.147. APPEAL PROCEEDINGS TO REVIEW FINAL ORDERS DISMISSING PETITIONS FOR JUDICIAL WAIVER OF PARENTAL NOTICE AND CONSENT OR CONSENT ONLY TO TERMINATION OF PREGNANCY**

(a) **Applicability.** Appeal proceedings to review final orders dismissing a petition for judicial waiver of parental notice and consent or consent only to the termination of a pregnancy shallwill be as in civil cases, except as modified by this rule.

(b) **Fees.** No filing fee shallwill be required for any part of an appeal of the dismissal of a petition for a judicial waiver of parental notice and consent or consent only to the termination of a pregnancy.

(c) **Transmission of Notice of Appeal and Electronic Record**. If an unmarried minor or another person on her behalf appeals an order dismissing a petition for judicial waiver of parental notice and consent or consent only to the termination of a pregnancy, the clerk of the lower tribunal shall prepare and electronically transmit the record as described in rule 9.200(d) within 2 days from the filing of the notice of appeal.Within 2 days of the filing of the notice of appeal, the clerk of the lower tribunal must electronically transmit the notice of appeal and the record simultaneously. The clerk of the lower tribunal must prepare the record as described in rule 9.200(d).

(d) **Disposition of Appeal**. The court shallmust render its decision on the appeal as expeditiously as possible and no later than 7 days from the transmittal of the recordreceipt of the notice of appeal. If no decision is rendered within that time period, the order

- 10 -

shall be~~is~~ deemed reversed, the petition shall be~~is~~ deemed granted, and the clerk of the court ~~shall~~must place a certificate to that effect in the file and provide the appellant, without charge, with a certified copy of the certificate.

**(e)** [No Change]

**(f) Confidentiality of Proceedings.** The appeal and all proceedings ~~therein~~within ~~shall~~must be confidential so that the minor ~~shall~~ remain~~s~~ anonymous. The file ~~shall~~must remain sealed unless otherwise ordered by the court.

**(g) Procedure Following Reversal.** If the dismissal of the petition is reversed on appeal, the clerk of the court ~~shall~~must furnish the appellant, without charge, with either a certified copy of the decision or the clerk of the court's certificate for delivery to the minor's physician.

### Committee Notes

[No Change]

### RULE 9.180.   APPEAL PROCEEDINGS TO REVIEW WORKERS' COMPENSATION CASES

**(a) Applicability.** Appellate review of proceedings in workers' compensation cases ~~shall~~will be as in civil cases except as specifically modified in this rule.

**(b) Jurisdiction.**

(1)   *Appeal.* The First District Court of Appeal (the court) ~~shall~~must review by appeal any final order, as well as any nonfinal order of a lower tribunal that adjudicates:

(A) – (C) [No Change]

(2)   *Waiver of Review; Abbreviated Final Orders.* Unless a request for findings of fact and conclusions of law is timely filed,

- 11 -

review by appeal of an abbreviated final order ~~shall~~will be deemed waived. The filing of a timely request tolls the time within which an abbreviated final order becomes final or an appeal may be filed.

(3)     *Commencement.* Jurisdiction of the court under this rule ~~shall~~must be invoked by filing a notice of appeal with the clerk of the lower tribunal within 30 days of the date the lower tribunal sends to the parties the order to be reviewed either by mail or by electronic means approved by the deputy chief judge, which date ~~shall~~will be the date of rendition. ~~The filing fee prescribed by law must be provided to the clerk or a verified petition for relief of payment of the fee must be filed with the notice of appeal.~~

(4)     *Notice of Appeal.* The notice ~~shall~~must be substantially in the form prescribed by rule 9.900(a) or (c), and ~~shall~~must contain a brief summary of the type of benefits affected, including a statement setting forth the time periods involved which ~~shall~~must be substantially in the following form:

I hereby certify that this appeal affects only the following periods and classifications of benefits and medical treatment:

1.     Compensation for .....(TTD, TPD, wage loss, impairment benefits, PTD, funeral benefits, or death benefits)..... from .....(date)..... to .....(date)......

2.     Medical benefits.

3.     Rehabilitation.

4.     Reimbursement from the SDTF for benefits paid from .....(date)..... to .....(date)......

5.     Contribution for benefits paid from .....(date)..... to .....(date)......

**(c)     Jurisdiction of Lower Tribunal.**

(1)     [No Change]

(2) *Settlement.* At any time before the record on appeal is transmitted to the court, the lower tribunal ~~shall~~will have the authority to approve settlements or correct clerical errors in the order appealed.

(3) *Relinquishment of Jurisdiction by Court to Consider Settlement.* If, after the record on appeal is transmitted, settlement is reached, the parties ~~shall~~must file a joint motion stating that a settlement has been reached and requesting relinquishment of jurisdiction to the lower tribunal for any necessary approval of the settlement. The court may relinquish jurisdiction for a specified period for entry of an appropriate order. In the event the Division of Workers' Compensation has advanced the costs of preparing the record on appeal or the filing fee, a copy of the joint motion ~~shall~~must be furnished to the ~~division~~Division of Workers' Compensation by the appellant.

(A) Notice. On or before the date specified in the order relinquishing jurisdiction, the parties ~~shall~~must file a joint notice of disposition of the settlement with a conformed copy of any order entered on the settlement.

(B) Costs. Any order approving a settlement ~~shall~~must provide where appropriate for the assessment and recovery of appellate costs, including any costs incurred by the ~~division~~Division of Workers' Compensation for insolvent appellants.

**(d) Benefits Affected.** Benefits specifically referenced in the notice of appeal may be withheld as provided by law pending the outcome of the appeal. Otherwise, benefits awarded ~~shall~~must be paid as required by law.

(1) *Abandonment.* If the appellant or cross-appellant fails to argue entitlement to benefits set forth in the notice of appeal in the appellant's or cross-appellant's initial brief, the challenge to such benefits ~~shall~~will be deemed abandoned. If there is a dispute as to whether a challenge to certain benefits has been abandoned, the court ~~upon~~ motion ~~shall~~will make that determination.

(2) [No Change]

- 13 -

(3)    *Payment of Benefits After Appeal.* If benefits are ordered paid by the court on completion of the appeal, they ~~shall~~must be paid, together with interest as required under section 440.20, Florida Statutes, within 30 days after the court's mandate. If the order of the court is appealed to the supreme court, benefits determined due by the court may be stayed in accordance with rule 9.310. Benefits ordered paid by the supreme court ~~shall~~must be paid within 30 days of the court's mandate.

**(e)    Intervention by Division of Workers' Compensation.**

(1)    [No Change]

(2)    *Supreme Court of Florida.* If review of an order of the court is sought in the supreme court, the ~~division~~Division of Workers' Compensation may intervene in accordance with these rules. The clerk of the supreme court ~~shall~~must provide a copy of the pertinent documents to the ~~division~~Division of Workers' Compensation.

(3)    *Division of Workers' Compensation Not a Party Until Notice to Intervene Is Filed.* Until the notice of intervention is filed, the ~~division~~Division of Workers' Compensation ~~shall~~will not be considered a party.

**(f)    Record Contents; Final Orders.**

(1)    *Transcript; Order; Other Documents.* The record ~~shall~~must contain the claim(s) or petition(s) for benefits, notice(s) of denial, pretrial stipulation, pretrial order, trial memoranda, depositions or exhibits admitted into evidence, any motion for rehearing and response, order on motion for rehearing, transcripts of any hearings before the lower tribunal, and the order appealed. The parties may designate other items for inclusion in or omission from the record in accordance with rule 9.200.

(2)    *Proffered Evidence.* Evidence proffered but not introduced into evidence at the hearing ~~shall~~will not be considered unless its admissibility is an issue on appeal and the question is properly designated for inclusion in the record by a party.

(3)    *Certification; Transmission.* The lower tribunal ~~shall~~must certify and transmit the record to the court as prescribed by these rules.

(4)    *Stipulated Record.* The parties may stipulate to the contents of the record. In such a case the record ~~shall~~will consist of the stipulated statement and the order appealed which the lower tribunal ~~shall~~must certify as the record on appeal.

(5)    *Costs.*

(A)    Notice of Estimated Costs. Within 5 days after the contents of the record have been determined under these rules, the lower tribunal ~~shall~~must notify the appellant of the estimated cost of preparing the record. The lower tribunal also ~~shall~~must notify the Division of Workers' Compensation of the estimated record costs if the appellant files a verified petition to be relieved of costs and a sworn financial affidavit.

(B)    Deposit of Estimated Costs. Within ~~20~~15 days after the notice of estimated costs is served, the appellant ~~shall~~must deposit a sum of money equal to the estimated costs with the lower tribunal.

(C)    Failure to Deposit Costs. If the appellant fails to deposit the estimated costs within the time prescribed, the lower tribunal ~~shall~~must notify the court, which may dismiss the appeal.

(D)    [No Change]

(E)    Costs. If additional costs are incurred in correcting, amending, or supplementing the record, the lower tribunal ~~shall~~must assess such costs against the appropriate party. If the Division of Workers' Compensation is obligated to pay the costs of the appeal due to the appellant's indigency, it must be given notice of any proceeding to assess additional costs. Within 15 days after the entry of the order assessing costs, the assessed party must deposit the sums so ordered with the lower tribunal. The lower tribunal ~~shall~~must promptly notify the court if costs are not deposited as required.

(6)     *Transcript(s) of Proceedings.*

(A)     Selection of ~~Approved~~ Court Reporter by Lower Tribunal. The deputy chief judge of compensation claims ~~shall~~will select ~~an approved~~ court reporter or ~~an approved~~ transcriptionist to transcribe any hearing(s). The deputy chief judge who makes the selection ~~shall~~must give the parties notice of the selection.

(B)     Objection to Court Reporter or Transcriptionist Selected. Any party may object to the court reporter or transcriptionist selected by filing written objections with the judge who made the selection within ~~20~~15 days after service of notice of the selection. Within 5 days after filing the objection, the judge ~~shall~~must hold a hearing on the issue. In such a case, the time limits mandated by these rules ~~shall~~will be appropriately extended.

(C)     Certification of Transcript by Court Reporter or Transcriptionist. The court reporter or transcriptionist selected by the deputy chief judge of compensation claims ~~shall~~must certify and deliver an electronic version of the transcript(s) to the clerk of the office of the judges of compensation claims. The transcript(s) ~~shall~~must be delivered in sufficient time for the clerk of the office of the judges of compensation claims to incorporate transcript(s) in the record. The court reporter or transcriptionist ~~shall~~must promptly notify all parties in writing when the transcript(s) is delivered to the clerk of the office of the judges of compensation claims.

(7)     *Preparation; Certification; Transmission of the Record.* The deputy chief judge of compensation claims ~~shall~~must designate the person to prepare the record. The clerk of the office of the judges of compensation claims ~~shall~~must supervise the preparation of the record. The record ~~shall~~must be transmitted to the lower tribunal in sufficient time for the lower tribunal to review the record and transmit it to the court. The lower tribunal ~~shall~~must review the original record, certify that it was prepared in accordance with these rules, and within 60 days of the notice of appeal being filed transmit the record to the court. The lower tribunal ~~shall~~must provide a Portable Document Format ("PDF") file of the record to all counsel of record and all unrepresented parties.

(8)     [No Change]

(9)     *Applicability of Rule 9.200.* Rules 9.200(a)(3), (c), (d), and (f) ~~shall~~ apply to preparation of the record in appeals under this rule.

**(g)     Relief From Filing Fee and Cost; Indigency.**

(1)     [No Change]

(2)     *Filing Fee.*

(A) – (B)     [No Change]

(C)     Verified Petition; Contents. The verified petition or motion ~~shall~~must contain a statement by the appellant to be relieved of paying filing fees due to indigency and the appellant's inability to pay the charges. The petition ~~shall~~must request that the lower tribunal enter an order or certificate of indigency. One of the following ~~shall~~must also be filed in support of the verified petition or motion:

(i)     [No Change]

(ii)     If the appellant is represented by counsel, counsel ~~shall~~must certify that counsel has investigated:

a. – b.     [No Change]

Counsel ~~shall~~must also certify that counsel has not been paid or promised payment of a fee or other remuneration for such legal services except for the amount, if any, ultimately approved by the lower tribunal to be paid by the employer/carrier if such entitlement is determined by the court.

(D)     Service. The appellant ~~shall~~must serve a copy of the verified petition or motion of indigency, including the appellant's financial affidavit or counsel's certificate, whichever is applicable, on all interested parties and the clerk of the court.

(E)   Order or Certificate of Indigency. The lower tribunal ~~shall~~must review the verified petition or motion for indigency and supporting documents without a hearing, and if the lower tribunal finds compliance with section 57.081(1), Florida Statutes, may issue a certificate of indigency or enter an order granting said relief, at which time the appellant may proceed without further application to the court and without payment of any filing fees. If the lower tribunal enters an order denying relief, the appellant ~~shall~~must deposit the filing fee with the lower tribunal within 15 days from the date of the order unless timely review is sought by motion filed with the court.

(3)   *Costs of Preparation of Record.*

(A)   Authority. An appellant may be relieved in whole or in part from the costs of the preparation of the record on appeal by filing with the lower tribunal a verified petition to be relieved of costs and a copy of the designation of the record on appeal. The verified petition to be relieved of costs ~~shall~~must contain a sworn financial affidavit as described in subdivision (g)(3)(D).

(B)   Time. The verified petition to be relieved of costs must be filed within ~~20~~15 days after service of the notice of estimated costs. A verified petition filed ~~prior to~~before the date of service of the notice of estimated costs ~~shall~~will be deemed not timely.

(C)   Verified Petition; Contents. The verified petition ~~shall~~must contain a request by the appellant to be relieved of costs due to insolvency. The petition also ~~shall~~must include a statement by the appellant's attorney or the appellant, if not represented by an attorney, that the appeal was filed in good faith and the court reasonably could find reversible error in the record and ~~shall~~must state with particularity the specific legal and factual grounds for that opinion.

(D)   Sworn Financial Affidavit; Contents. With the verified petition to be relieved of costs, the appellant ~~shall~~must file a

sworn financial affidavit listing income and assets, including marital income and assets, and expenses and liabilities.

(E)     Verified Petition and Sworn Financial Affidavit; Service. The appellant ~~shall~~must serve a copy of the verified petition to be relieved of costs, including the sworn financial affidavit, on all interested parties, including the Division of Workers' Compensation, the office of general counsel of the Department of Financial Services, and the clerk of the court.

(F)     Hearing on Petition to Be Relieved of Costs. After giving 15 days' notice to the Division of Workers' Compensation and all parties, the lower tribunal ~~shall~~must promptly hold a hearing and rule on the merits of the petition to be relieved of costs. However, if no objection to the petition is filed by the division or a party within ~~30~~20 days after the petition is served, the lower tribunal may enter an order on the merits of the petition without a hearing.

(G)     Extension of Appeal Deadlines. If the petition to be relieved of the entire cost of the preparation of the record on appeal is granted, the 60-day period allowed under these rules for the preparation of the record ~~shall~~will begin to run from the date of the order granting the petition. If the petition to be relieved of the cost of the record is denied or only granted in part, the petitioner ~~shall~~must deposit the estimated costs with the lower tribunal, or file a motion requesting a determination of indigency, within 15 days from the date the order denying the petition is entered. The 60-day period allowed under these rules for the preparation of the record ~~shall~~will begin from the date the estimated cost is deposited with the lower tribunal. If the petition to be relieved of the cost of the record is withdrawn before ruling, then the petitioner ~~shall~~must deposit the estimated costs with the lower tribunal at the time the petition is withdrawn and the 60-day period for preparation of the record ~~shall~~will begin to run from the date the petition is withdrawn.

(H)     Payment of Cost for Preparation of Record by Administration Trust Fund. If the petition to be relieved of costs is granted, the lower tribunal may order the Workers' Compensation

Administration Trust Fund to pay the cost of the preparation of the record on appeal pending the final disposition of the appeal. The lower tribunal ~~shall~~must provide a copy of such order to all interested parties, including the division, general counsel of the Department of Financial Services, and the clerk of the court.

(I) Reimbursement of Administration Trust Fund If Appeal Is Successful. If the Administration Trust Fund has paid the costs of the preparation of the record and the appellant prevails at the conclusion of the appeal, the appellee ~~shall~~must reimburse the fund the costs paid within 30 days of the mandate issued by the court or supreme court under these rules.

**(h) Briefs and Motions Directed to Briefs.**

(1) *Briefs; Final Order Appeals.* Within 30 days after the lower tribunal certifies the record to the court, the appellant ~~shall~~must serve the initial brief. Additional briefs ~~shall~~must be served as prescribed by rule 9.210.

(2) *Briefs; Nonfinal Appeals.* The appellant's initial brief, accompanied by an appendix as prescribed by rule 9.220, ~~shall~~must be served within 15 days of filing the notice. Additional briefs ~~shall~~must be served as prescribed by rule 9.210.

(3) *Motions to Strike.* Motions to strike a brief or portions of a brief will not be entertained by the court. However, a party, in its own brief, may call to the court's attention a breach of these rules. If no further responsive brief is authorized, noncompliance may be brought to the court's attention by filing a suggestion of noncompliance. Statements in briefs not supported by the record ~~shall~~will be disregarded and may constitute cause for imposition of sanctions.

**(i) Attorneys' Fees and Appellate Costs.**

(1) *Costs.* Appellate costs ~~shall~~must be taxed as provided by law. Taxable costs ~~shall~~will include those items listed in rule 9.400 and costs for a transcript included in an appendix as part of an appeal of a nonfinal order.

(2)    *Attorneys' Fees.* A motion for attorneys' fees ~~shall~~must be served in accordance with rule 9.400(b).

(3)    *Entitlement and Amount of Fees and Costs.* If the court determines that an appellate fee is due, the lower tribunal ~~shall~~will have jurisdiction to conduct hearings and consider evidence regarding the amount of the attorneys' fee and costs due at any time after the mandate, if applicable, or the final order or opinion disposing of the case is issued, whichever is later.

(4)    *Review.* Review ~~shall~~will be in accordance with rule 9.400(c).

**Committee Notes**

[No Change]

## RULE 9.200.    THE RECORD

**(a)    Contents.**

(1)    Except as otherwise designated by the parties, the record ~~shall~~must consist of all documents filed in the lower tribunal, all exhibits that are not physical evidence, and any transcript(s) of proceedings filed in the lower tribunal, except summonses, praecipes, subpoenas, returns, notices of hearing or of taking deposition, depositions, and other discovery. In criminal cases, when any exhibit, including physical evidence, is to be included in the record, the clerk of the lower tribunal ~~shall~~must not, unless ordered by the court, transmit the original and, if capable of reproduction, ~~shall~~must transmit a copy, including but not limited to copies of any tapes, CDs, DVDs, or similar electronically recorded evidence. The record ~~shall~~must also include a progress docket.

(2)    Within 10 days of filing the notice of appeal, an appellant may direct the clerk of the lower tribunal to include or exclude other documents or exhibits filed in the lower tribunal. The directions ~~shall~~must be substantially in the form prescribed by rule 9.900(g). If the clerk of the lower tribunal is directed to transmit

less than the entire record or a transcript of trial with less than all of the testimony, the appellant ~~shall~~must serve with such direction a statement of the judicial acts to be reviewed. Within 20 days of filing the notice, an appellee may direct the clerk of the lower tribunal to include additional documents and exhibits.

(3)     The parties may prepare a stipulated statement showing how the issues to be presented arose and were decided in the lower tribunal, attaching a copy of the order to be reviewed and as much of the record in the lower tribunal as is necessary to a determination of the issues to be presented. The parties ~~shall~~must advise the clerk of the lower tribunal of their intention to rely on a stipulated statement in lieu of the record as early in advance of filing as possible. The stipulated statement ~~shall~~must be filed by the parties and transmitted to the court by the clerk of the lower tribunal within the time prescribed for transmittal of the record.

**(b)     Transcript(s) of Proceedings.**

(1)     *Designation to Court Reporter.* Within 10 days of filing the notice of appeal, the appellant ~~shall~~must designate those portions of the proceedings not on file deemed necessary for transcription and inclusion in the record and ~~shall~~must serve the designation on the approved court reporter, civil court reporter, or approved transcriptionist. Within 20 days of filing the notice of appeal, an appellee may designate additional portions of the proceedings and ~~shall~~must serve the designation on the approved court reporter, civil court reporter, or approved transcriptionist. Copies of designations ~~shall~~must be served on the approved court reporter, civil court reporter, or approved transcriptionist. Costs of the transcript(s) so designated ~~shall~~will be borne initially by the designating party, subject to appropriate taxation of costs as prescribed by rule 9.400. At the time of the designation, unless other satisfactory arrangements have been made, the designating party must make a deposit of 1/2 of the estimated transcript costs, and must pay the full balance of the fee on delivery of the completed transcript(s).

(2)     *Court Reporter's Acknowledgment.* On service of a designation, the approved court reporter, civil court reporter, or

approved transcriptionist ~~shall~~must acknowledge at the foot of the designation the fact that it has been received and the date on which the approved court reporter, civil court reporter, or approved transcriptionist expects to have the transcript(s) completed and ~~shall~~must serve the so-endorsed designation on the parties and file it with the clerk of the ~~court~~lower tribunal within 5 days of service. If the transcript(s) cannot be completed within 30 days of service of the designation, the approved court reporter, civil court reporter, or approved transcriptionist ~~shall~~must request such additional time as is reasonably necessary and ~~shall~~must state the reasons therefor. If the approved court reporter, civil court reporter, or approved transcriptionist requests an extension of time, the court ~~shall~~must allow the parties 5 days in which to object or agree. The court ~~shall~~must approve the request or take other appropriate action and ~~shall~~must notify the reporter and the parties of the due date of the transcript(s).

(3)     *Time for Service of Transcript.* Within 30 days of service of a designation, or within the additional time provided for under subdivision (b)(2) of this rule, the approved court reporter, civil court reporter, or approved transcriptionist ~~shall~~must transcribe and file with the clerk of the lower tribunal the designated proceedings and ~~shall~~must serve copies as requested in the designation. If a designating party directs the approved court reporter, civil court reporter, or approved transcriptionist to furnish the transcript(s) to fewer than all parties, that designating party ~~shall~~must serve a copy of the designated transcript(s) on the parties within 10 days of receipt from the approved court reporter, civil court reporter, or approved transcriptionist.

(4)     *Organization of Transcript.* The transcript of the trial ~~shall~~must be filed with the clerk of the lower tribunal separately from the transcript(s) of any other designated proceedings. The transcript of the trial ~~shall~~must be followed by a master trial index containing the names of the witnesses, a list of all exhibits offered and introduced in evidence, and the pages where each may be found. The pages, including the index pages, ~~shall~~must be consecutively numbered, beginning with page 1. The pages ~~shall~~must not be condensed.

(5)   *Statement of Evidence or Proceedings.* If no report of the proceedings was made, or if the transcript is unavailable, a party may prepare a statement of the evidence or proceedings from the best available means, including the party's recollection. The statement ~~shall~~must be served on all other parties, who may serve objections or proposed amendments to it within 15 days of service. Thereafter, the statement and any objections or proposed amendments ~~shall~~must be filed with the lower tribunal for settlement and approval. As settled and approved, the statement ~~shall~~must be included by the clerk of the lower tribunal in the record.

**(c)   Cross-Appeals.** Within 20 days of filing the notice of appeal, a cross-appellant may direct that additional documents, exhibits, or transcript(s) be included in the record. If less than the entire record is designated, the cross-appellant ~~shall~~must serve, with the directions, a statement of the judicial acts to be reviewed. The cross-appellee ~~shall~~will have 15 days after such service to direct further additions. The time for preparation and transmittal of the record ~~shall~~will be extended by 10 days.

**(d)   Preparation and Transmission of Electronic Record.**

(1)   The clerk of the lower tribunal ~~shall~~must prepare the record as follows:

(A)   The clerk of the lower tribunal ~~shall~~must assemble the record on appeal and prepare a cover page and a complete index to the record. The cover page ~~shall~~must include the name of the lower tribunal, the style and number of the case, and the caption RECORD ON APPEAL in 48-point bold font. Consistent with Florida Rule of General Practice and Judicial Administration 2.420(g)(8), the index ~~shall~~must indicate any confidential information in the record and if the information was determined to be confidential in an order, identify such order by date or docket number and record page number. The clerk of the lower tribunal ~~shall~~will not be required to verify and ~~shall~~will not charge for the incorporation of any transcript(s) into the record. The transcript of the trial ~~shall~~must be kept separate from the remainder of the record on appeal and ~~shall~~must not be renumbered by the clerk of

the lower tribunal. The progress docket shallmust be incorporated into the record immediately after the index.

(B)    All pages of the record shallmust be consecutively numbered. Any transcripts other than the transcript of the trial shallmust continue the pagination of the record pages. Supplements permitted after the clerk of the lower tribunal has transmitted the record to the court shallmust be submitted by the clerk of the lower tribunal as separate Portable Document Format ("PDF") files in which pagination is consecutive from the original record and continues through each supplement.

(C)    The entire record, except for the transcript of the trial, shallmust be compiled into a single PDF file. The PDF file shallmust be:

(i) – (iii)    [No Change]

(2)    The transcript of the trial shallmust be converted into a second PDF file. The PDF file shallmust be:

(A) – (B)    [No Change]

(3)    The clerk of the lower tribunal shallmust certify the record, redact the PDF files of the record and the transcript of the trial pursuant tounder Florida Rule of General Practice and Judicial Administration 2.420(d), and transmit the redacted PDF files to the court by the method described in subdivisions (d)(4) of this rule. By request or standing agreement with the clerk of the lower tribunal, counsel of record or a pro se party may obtain the record and the transcript of the trial that are unredacted to the extent permitted for access by the requestor. No formal motion shallwill be required. The clerk of the lower tribunal shallmust certify the less redacted record and transmit the PDF files to the court by the method described in subdivision (d)(4) of this rule or file a notice of inability to complete or transmit the record, specifying the reason.

(4)    The clerk of the lower tribunal shallmust transmit the record and the transcript of the trial to the court by uploading the PDF files:

(A) – (B)    [No Change]

(5)    The court ~~shall~~<u>must</u> upload the electronic record to the electronic filing (e-filing) system docket. Attorneys and those parties who are registered users of the court's e-filing system may download the electronic record in their case(s).

**(e)    Duties of Appellant or Petitioner.** The burden to ensure that the record is prepared and transmitted in accordance with these rules ~~shall~~<u>will</u> be on the petitioner or the appellant. Any party may enforce the provisions of this rule by motion.

**(f)    Correcting and Supplementing Record.**

(1)    [No Change]

(2)    If the court finds the record is incomplete, it ~~shall~~<u>must</u> direct a party to supply the omitted parts of the record. No proceeding ~~shall~~<u>will</u> be determined, because of an incomplete record, until an opportunity to supplement the record has been given.

(3)    [No Change]

**Committee Notes**

[No Change]

**RULE 9.320.    ORAL ARGUMENT**

**(a)    Requests.** Oral argument may be permitted in any proceeding. A request for oral argument ~~shall~~<u>must</u> be in a separate document served by a party:

(1) – (3)    [No Change]

(4)    in proceedings governed by rule 9.120, not later than the date the party's brief on jurisdiction is due to be served~~,~~ ~~except that in proceedings in which jurisdiction is invoked under~~

~~rule 9.030(a)(2)(A)(v), not later than 5 days after the filing of the notice to invoke discretionary review~~.

**(b) – (c)**    [No Change]

**(d)    Requests to the Supreme Court of Florida.** A request for oral argument to the supreme court ~~shall~~<u>must</u> include a brief statement regarding why oral argument would enhance the supreme court's consideration of the issues to be raised. A party may file a response to the request within 5 days of the filing of the request. No reply ~~shall~~<u>will</u> be permitted.

**(e)    Use of Communication Technology.**

(1)    [No Change]

(2)    *Request to Participate by Communication Technology.* A request may be made by a party for ~~one~~<u>1</u> or more of the parties to participate in oral argument through the use of communication technology. Such request must be included in the request for oral argument under subdivision (a). The request must state the reason for requesting participation by communication technology.

(3) – (5)    [No Change]

### Committee Notes

[No Change]

## RULE 9.340.    MANDATE

**(a)    Issuance and Recall of Mandate.** Unless otherwise ordered by the court or provided by these rules, the clerk <u>of the court</u> ~~shall~~<u>must</u> issue such mandate or process as may be directed by the court after expiration of 15 days from the date of an order or decision. A copy thereof, or notice of its issuance, ~~shall~~<u>must</u> be served on all parties. The court may direct the clerk <u>of the court</u> to recall the mandate, but not more than 120 days after its issuance.

**(b)     Extension of Time for Issuance of Mandate.** Unless otherwise provided by these rules, if a timely motion for rehearing, clarification, certification, or issuance of a written opinion has been filed, the time for issuance of the mandate or other process ~~shall~~will be extended until 15 days after rendition of the order denying the motion, or, if granted, until 15 days after the cause has been fully determined.

**(c)     Entry of Money Judgment.** If a judgment of reversal is entered that requires the entry of a money judgment on a verdict, the mandate ~~shall~~will be deemed to require such money judgment to be entered as of the date of the verdict.

### Committee Notes

[No Change]

### RULE 9.420.     FILING; SERVICE OF COPIES; COMPUTATION OF TIME

**(a)     Filing.**

(1)     *Generally.* Filing may be accomplished ~~in a manner~~ in conformity with the requirements of Florida Rule of General Practice and Judicial Administration 2.525.

(2)     *Inmate Filing.* The filing date of a document filed by a pro se inmate confined in an institution ~~shall~~will be presumed to be the date it is stamped for filing by the clerk of the court, except as follows:

(A)     the document ~~shall~~will be presumed to be filed on the date the inmate places it in the hands of an institutional official for mailing if the institution has a system designed for legal mail, the inmate uses that system, and the institution's system records that date; or

(B)     the document ~~shall~~will be presumed to be filed on the date reflected on a certificate of service contained in the

document if the certificate is in substantially the form prescribed by subdivision (d)(1) of this rule and either:

(i) – (ii)    [No Change]

**(b)    Service.**

(1)    *By a Party or Amicus Curiae.* All documents shallmust be filed either before service or immediately thereafter. A copy of all documents filed under these rules shallmust, before filing or immediately thereafter, be served on each of the parties. The lower tribunal, before the record is transmitted, or the court, on motion, may limit the number of copies to be served.

(2)    *By the Clerk of the Court.* A copy of all orders and decisions shallmust be transmitted, in the manner set forth for service in rule 9.420(c), by the clerk of the court to all parties at the time of entry of the order or decision, without first requiring payment of any costs for the copies of those orders and decisions. Prior toBefore the court's entry of an order or decision, the court may require that the parties furnish the court with stamped, addressed envelopes for transmission of the order or decision.

**(c)    Method of Service.** Service of every document filed in a proceeding governed by these rules (including any briefs, motions, notices, responses, petitions, and appendices) shallmust be made in conformity with the requirements of Florida Rule of General Practice and Judicial Administration 2.516(b), except that petitions invoking the original jurisdiction of the court under rule 9.030(a)(3), (b)(3), or (c)(3) shall be served both by e-mail pursuant to rule 2.516(b)(1) and in paper format pursuant to rule 2.516(b)(2). Service of any document required to be served but not filed contemporaneously shallmust be made in conformity with the requirements of Florida Rule of General Practice and Judicial Administration 2.516, unless a court orders, a statute specifies, or a supreme court administrative order specifies a different means of service.

**(d)    Proof of Service.** A certificate of service by an attorney that complies in substance with the requirements of Florida Rule of General Practice and Judicial Administration 2.516(f) and a

certificate of service by a pro se party that complies in substance with the appropriate form below ~~shall~~will be taken as prima facie proof of service in compliance with these rules. The certificate ~~shall~~must specify the party each attorney represents.

> (1) – (2)    [No Change]

**(e)    Computation.** Computation of time ~~shall be~~is governed by Florida Rule of General Practice and Judicial Administration 2.514.

**Committee Notes**

[No Change]

**Court Commentary**

[No Change]

## RULE 9.800.    UNIFORM CITATION SYSTEM

This rule applies to all legal documents, including court opinions. Except for citations to case reporters, all citation forms should be spelled out in full if used as an integral part of a sentence either in the text or in footnotes. Abbreviated forms as shown in this rule should be used if the citation is intended to stand alone either in the text or in footnotes.

**(a) – (c)**    [No Change]

**(d)    Florida Administrative Agencies.**

> (1) – (3)    [No Change]

> (4)    Decisions that are not available online may be cited to an administrative law reporter as follows if published therein:

>> (A) – (D)    [No Change]

(E)  *Florida Public Employee Reporter*: *Delgado v. Sch. Dist. of Broward Cty.*, 36 F.P.E.R. 207 (Fla. Pub. Emp. Rel. Comm'n Gen. Counsel 2010)~~)~~;

(F)  *Florida Public Service Commission Reporter*: *In re Nuclear Cost Recovery Clause*, 2013 F.P.S.C. 10:149 (Fla. Pub. Serv. Comm'n 2013)~~)~~;

(G) – (I)  [No Change]

**(e) – (o)**  [No Change]

**(p)  Other Citations.** ~~A~~For ~~a~~ll other citations ~~shall be in~~, use the form prescribed by the latest edition of *The Bluebook: A Uniform System of Citation*, The Harvard Law Review Association, Gannett House, Cambridge, MA 02138. ~~C~~For citations not covered in this rule or in *The Bluebook*, ~~shall be in~~use the form prescribed by the latest edition of the *Florida Style Manual* (available ~~at www.law.fsu.edu/lawreview/florida-style-manual~~online) published by the Florida State University Law Review, Tallahassee, FL 32306.

**(q)  Case Names.** ~~C~~Underscore or italicize case names ~~shall be underscored or italicized~~ in text and in footnotes.

## Committee Notes

[No Change]

- 31 -

## RULE 9.900.   FORMS

### (a)   Notice of Appeal.

IN THE .....(NAME OF THE LOWER TRIBUNAL WHOSE ORDER IS TO BE REVIEWED).....

Case No. _____

_____,)
Defendant/Appellant,   )
                        )
v.                      )          NOTICE OF APPEAL
                        )
_____,)
Plaintiff/Appellee.    )
_____ )

NOTICE IS GIVEN that _____, Defendant/Appellant, appeals to the .....(name of court that has appellate jurisdiction)....., the order of this court rendered [see rule 9.020(h)] .....(date)...... [Conformed copies of orders designated in the notice of appeal shallmust be attached in accordance with rules 9.110(d), and 9.160(c).] The nature of the order is a final order .....(state nature of the order)...... [If a motion postponing rendition is pending in the lower tribunal, state the nature of the motion and the date it was filed.]

Attorney for .....(name of party).....
.....(address, e-mail address, and phone number).....
Florida Bar No. ....................

**(b)** **Notice of Cross-Appeal.**

|  |  | IN THE .....(NAME OF THE LOWER TRIBUNAL WHOSE ORDER IS TO BE REVIEWED)..... |
|---|---|---|

Case No. _____

_____,)
Defendant/Appellant,/ )
Cross-Appellee,　　　　)
　　　　　　　　　　　　)
v.　　　　　　　　　　　) 　　　NOTICE OF CROSS-APPEAL
　　　　　　　　　　　　)
_____,)
Plaintiff/Appellee/ 　)
Cross-Appellant.　　　)
_____ )

NOTICE IS GIVEN that _____, Plaintiff/Cross-Appellant, appeals to the .....(name of court that has appellate jurisdiction)....., the order of this court rendered [see rule 9.020(h)] .....(date)...... The nature of the order is a final order .....(state nature of the order)......

_____
Attorney for .....(name of party).....
.....(address, e-mail address, and phone number).....
Florida Bar No. ...................

**(c)** **Notice of Appeal of Nonfinal Order.**

    (1)    *Notice of Appeal of Nonfinal Order.*

IN THE .....(NAME OF THE LOWER TRIBUNAL WHOSE ORDER IS TO BE REVIEWED).....

Case No. _____

_____,)
Defendant/Appellant,  )

v.     )       NOTICE OF APPEAL OF A
     )       NONFINAL ORDER
_____,)
Plaintiff/Appellee.  )

_____ )

NOTICE IS GIVEN that _____, Defendant/Appellant, appeals to the .....(name of court that has appellate jurisdiction)....., the order of this court rendered [see rule 9.020(h)] .....(date)...... [Conformed copies of orders designated in the notice of appeal ~~shall~~must be attached in accordance with rules 9.110(d), 9.130(c), and 9.160(c).] The nature of the order is a nonfinal order .....(state nature of the order)......

Attorney for .....(name of party).....
.....(address, e-mail address, and phone number).....
Florida Bar No. ....................

    (2)    [No Change]

**(d)**    [No Change]

### (e)  Notice of Administrative Appeal.

IN THE .....(NAME OF AGENCY, OFFICER, BOARD, COMMISSION, OR BODY WHOSE ORDER IS TO BE REVIEWED).....

Case No. _____

_____,)
Defendant*/Appellant,  )
                       )
v.                     )        NOTICE OF ADMINISTRATIVE
                       )        APPEAL
_____,)
Plaintiff*/Appellee.   )
                       )
_____ )

NOTICE IS GIVEN that _____, Appellant, appeals to the .....(name of court that has appellate jurisdiction)....., the order of this .....(name of agency, officer, board, commission, or body whose order is to be reviewed)..... rendered [see rule 9.020(h)] .....(date)...... [Conformed copies of orders designated in the notice of appeal shallmust be attached in accordance with rules 9.110(d) and 9.130(c).] The nature of the order is .....(state nature of the order)......

_____
Attorney for .....(name of party).....
.....(address, e-mail address, and phone number).....
Florida Bar No. ....................

*or other appropriate designation.

- 35 -

**(f)** **Notice of Appeal of an Order Dismissing a Petition for a Judicial Waiver of Parental Notice and Consent or Consent Only to Termination of Pregnancy and Advisory Notice to Minor.**

|  |  |
|---|---|
|  | IN THE CIRCUIT COURT FOR THE _____ JUDICIAL CIRCUIT (NUMERICAL DESIGNATION OF THE CIRCUIT) IN AND FOR _____ COUNTY, FLORIDA |
|  | Case No. _____ |
| In re: Petition for a Judicial Waiver of Parental Notice and Consent or Consent Only to Termination of Pregnancy. ) ) ) ) ) _____ ) (Your pseudonym or initials) ) ) Appellant. ) _____ ) | NOTICE OF APPEAL |

NOTICE IS GIVEN that .....(your pseudonym or initials)....., appeals to the .....(District Court of Appeal with appellate jurisdiction)....., the order of this court rendered .....(enter the date that the order was filed on the clerk's of the lower tribunal's docket)..... [See rule 9.020(h)]. The nature of the order is a final order dismissing a petition for a judicial waiver of parental notice and consent or consent only to termination of pregnancy.

Signature: _____
(As signed on your petition for judicial waiver if you are representing yourself)
Date: _____
OR
Attorney for _____
(pseudonym or initials of appellant)
(address, e-mail address, and phone number of attorney)
Florida Bar No. _____

### ADVISORY NOTICE TO THE MINOR
### YOU ARE NOTIFIED AS FOLLOWS:

1.      You are entitled to appeal the order dismissing your petition for a judicial waiver of parental notice and consent or consent only to termination of pregnancy. You do not have to pay a filing fee for the appeal.

2.      If you wish to appeal, you must file a notice of appeal with the circuit court in which your case was heard. A form for the notice of appeal (~~Fla. R. App. P.~~ *Fla. R. App. P.* 9.900(f)) will be provided to you with the order dismissing your petition. You must fill in every blank on the form with the information requested. If you need assistance with the form, the clerk of the circuit court will help you complete it.

3.      You must file the notice of appeal with the clerk of the circuit court where your case was heard. The notice of appeal must be filed within ~~thirty (30)~~ days of the date when the judge's written order dismissing your petition was filed with the clerk of the circuit court. If you do not file your notice of appeal within this time period your appeal will not be heard.

4.      The notice of appeal is the only document you need to file in connection with your appeal. You may file a motion to seek permission to file a brief in your case, or to request oral argument of your case. These motions or any other motions or documents you file concerning your appeal, except the notice of appeal, must be mailed or delivered to the appellate court for filing, or electronically filed with the appellate court. The appellate court that will be reviewing your case is:

The _____ District Court of Appeal

_____

_____
(address of the District Court)

Telephone number: _____

(Note: The clerk of the circuit court will fill in the blanks above with the appropriate court information).

5.      You may request a lawyer to represent you in your appeal. You must tell the judge who heard your petition for a judicial waiver of parental notice and consent or consent only to termination of pregnancy that you wish to have a lawyer appointed.

## (g)    Directions to Clerk of the Lower Tribunal.

IN THE .....(NAME OF THE LOWER
TRIBUNAL WHOSE ORDER IS TO
BE REVIEWED).....

Case No. _____

_____,)
Plaintiff/Appellant,      )
                          )
v.                        )          DIRECTIONS TO CLERK
                          )
_____,)
Defendant/Appellee.       )
                          )
_____ )

     Plaintiff/Appellant, _____, directs the clerk to
.....(include/exclude)..... the following items .....(in/from)..... the record
described in rule 9.200(a)(1):

ITEM                              DATE FILED

1.

     [List of Desired Items]

2.

     Note: This form is necessary only if a party does not wish to rely on the
record that will be automatically prepared by the clerk of the lower tribunal
under rule 9.200(a)(1).

**(h)    Designation to Approved Court Reporter, Civil Court Reporter, or Approved Transcriptionist.**

IN THE .....(NAME OF THE LOWER TRIBUNAL WHOSE ORDER IS TO BE REVIEWED).....

Case No. _____

_____,)
Plaintiff/Appellant,    )
                        )
v.                      )
                        )
_____,)
Defendant/Appellee.    )
                        )
_____ )

DESIGNATION TO APPROVED COURT REPORTER, CIVIL COURT REPORTER, OR APPROVED TRANSCRIPTIONIST, AND REPORTER'S OR APPROVED TRANSCRIPTIONIST'S ACKNOWLEDGMENT

I.    DESIGNATION

Plaintiff/Appellant, _____, files this Designation to Approved Court Reporter, Civil Court Reporter, or Approved Transcriptionist and directs .....(name of approved court reporter, civil court reporter, or approved transcriptionist)..... to transcribe the following portions of the trial proceedings to be used in this appeal [for cases where a party is exempt from service by electronic mail as set forth in the Florida Rules of General Practice and Judicial Administration, state the following, and provide paper copies of the transcript(s) in paper format]:

1.    The entire trial proceedings recorded by the reporter on .....(date)....., before the Honorable .....(judge)....., except _____ _____.

2.    [Indicate all other portions of reported proceedings.]

3.    The approved court reporter, civil court reporter, or approved transcriptionist is directed to file the original with the clerk of the lower tribunal and to serve ~~one~~1 copy on each of the following:

1.

2.

3.

I, counsel for appellant, certify that I have made satisfactory financial arrangements with the approved court reporter, civil court reporter, or approved transcriptionist for preparation of the transcript, and I have served a designation on the approved court reporter, civil court reporter, or approved transcriptionist.

_____
Attorney for .....(name of party).....
.....(address, e-mail address, and phone number).....
Florida Bar No. ...................

## II. APPROVED COURT REPORTER'S, CIVIL COURT REPORTER'S, OR APPROVED TRANSCRIPTIONIST'S ACKNOWLEDGMENT

1. The foregoing designation was served on .....(date)....., and received on .....(date)......

2. Satisfactory arrangements have ( ) have not ( ) been made for payment of the transcript cost. These financial arrangements were completed on .....(date)......

3. Number of trial or hearing days ____.

4. Estimated number of transcript pages ____.

5a. The transcript will be available within 30 days of service of the foregoing designation and will be filed on or before .....(date)......

OR

5b. For the following reason(s) the approved court reporter, civil court reporter, or approved transcriptionist requests an extension of time of ____ days for preparation of the transcript that will be filed on or before .....(date)......

6. Completion and filing of this acknowledgment by the approved court reporter, civil court reporter, or approved transcriptionist constitutes submission to the jurisdiction of the court for all purposes in connection with these appellate proceedings.

7.     The undersigned approved court reporter, civil court reporter, or approved transcriptionist certifies that the foregoing is true and correct and that a copy has been furnished by mail ( ) hand delivery ( ) e-mail ( ) on .....(date)....., to each of the parties or their counsel.

_____

Approved Court Reporter, Civil Court Reporter, or Approved Transcriptionist
.....(address).....

Note: The foregoing approved court reporter's, civil court reporter's, or approved transcriptionist's acknowledgment to be placed "at the foot of" or attached to a copy of the designation, ~~shall~~must be properly completed, signed by the approved court reporter, and filed with the clerk of the appellate court within 5 days of service of the designation on the approved court reporter, civil court reporter, or approved transcriptionist. A copy ~~shall~~must be served on all parties or their counsel, who ~~shall~~will have 5 days to object to any requested extension of time. See Fla. R. App. P. 9.200(b)(1), (b)(2), ~~&~~ (b)(3), & (b)(4).

## (i)    Civil Supersedeas Bond.

.....(Title of Court).....

Case No. _____

_____,)

Plaintiff,          )

                    )

v.                  )          CIVIL SUPERSEDEAS BOND

                    )

_____,)

Defendant.          )

_____ )

We, _____ as Principal, and _____ as Surety, are held and firmly bound unto _____ in the principal sum of $____, for the payment of which we bind ourselves, our heirs, personal representatives, successors, and assigns, jointly and severally.

The condition of this obligation is: the above-named Principal has entered an appeal to the .....(court)..... to review the .....(judgment or order)..... entered in the above case on .....(date)....., and filed in the records of said court in book ____ at page____.

NOW THEREFORE, if the Principal ~~shall~~ satisf~~y~~ies any money judgment contained in the judgment in full, including, if allowed by law, costs, interest, and attorneys' fees, and damages for delay in the event said appeal is dismissed or said judgment is affirmed, then this obligation ~~shall~~will be null and void; otherwise to remain in full force and effect.

Signed on .....(date)....., at .....(place).....

/s/ _____
Principal

Signed on .....(date)....., at .....(place).....

/s/ _____
Surety

## (j)     Notice of Supplemental Authority.

.....(Title of Court).....

Case No. _____

_____,)
Appellant/Petitioner,     )
                          )
v.                        )          NOTICE OF SUPPLEMENTAL
                          )          AUTHORITY
_____,)
Appellee/Respondent.     )
_____)

    [Appellant/Petitioner] [Appellee/Respondent], _____, submits as supplemental authority the [decision/rule/statute/other authority] of _____, a copy of which is attached to this notice. The supplemental authority is pertinent to the issue on appeal identified as _____ and [discussed on pages _____ of the _____ brief] [raised at oral argument].

_____

Attorney for .....(name of party).....
.....(address, e-mail address, and
phone number).....
Florida Bar No. ...................

## (k)   Notice of Related Case.

.....(Title of Court).....

Case No. _____

|  |
|---|
| _____,) |
| Appellant/Petitioner, ) |
| ) |
| v.                                        ) |
| ) |
| _____,) |
| Appellee/Respondent.   ) |
| ) |
| _____ ) |

NOTICE OF RELATED
CASE OR ISSUE

NOTICE IS GIVEN of .....(case style and number)....., pending in .....(name of court)....., which is related to this matter because .....(identify the same facts from which both matters arise or the similar legal issue being addressed in both matters)......

_____
Attorney for .....(name of party).....
.....(address, e-mail address, and phone number).....
Florida Bar No. ...............

### (*l*)   **Notice of Joinder.**

.....(Title of Court).....

Case No. _____

_____,)
Appellant/Petitioner,   )
                        )
v.                      )          NOTICE OF JOINDER
                        )
_____,)
Appellee/Respondent.    )
                        )
_____ )

NOTICE IS GIVEN that _____, [appellee/respondent] elects to realign as a(n) [appellant/petitioner] in this action, in accordance with rule 9.360(a). The proposed new caption is:

[insert proposed new caption here]

_____
Attorney for .....(name of party).....
.....(address, e-mail address, and phone number).....
Florida Bar No. ................

## (m) Notice of Constitutional Question.

IN THE DISTRICT COURT OF
APPEAL OF FLORIDA,
_____ DISTRICT

Case No. _____

_____,)
Appellant/Petitioner, )
)
v. )                    NOTICE TO ATTORNEY GENERAL
)
_____,)
Appellee/Respondent. )
)
_____ )

NOTICE IS GIVEN of compliance with Florida Rule of Appellate Procedure 9.425, with respect to the constitutional challenge brought ~~pursuant to~~under .....(Florida statute or Florida Constitutional provision)......

The undersigned complied by serving the Attorney General for the State of Florida with a copy of the pleading or motion challenging .....(Florida statute or Florida Constitutional provision)....., by .....(e-mail) (mail) (delivery)..... on .....(date)......

_____
Attorney for .....(name of party).....
.....(address, e-mail address, and phone number).....
Florida Bar No. ...................

- 46 -

## (n) Notice of Termination of Limited Appearance.

.....(Title of Court).....

Case No. _____

_____,)
Appellant/Petitioner,     )
                          )
v.                        )     NOTICE OF TERMINATION OF
                          )     LIMITED APPEARANCE
_____,)
Appellee/Respondent.     )
                          )
_____)

NOTICE IS GIVEN that .....(attorney's name)..... has completed the particular matter or portion of the proceeding in which the attorney appeared and now wishes to terminate ~~his/her~~the limited appearance. The client's address is: ~~.~~.....(client's address)...... The counsel's contact information is: .....(name, address, e-mail address, and telephone number)......

I certify that I will serve this motion on the client, counsel, and all adverse parties.

_____
Attorney for .....(name of party).....
.....(address, e-mail address, and phone number).....
Florida Bar No. ..........._____

## Committee Notes

[No Change]